UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

THE PALM BAY YACHT CLUB
CONDOMINIUM ASSOCIATION, INC.,
a Florida not-for-profit Corporation,

       Plaintiff,

vs.

QBE INSURANCE CORPORATION,

       Defendant.

_____/

**COMPLAINT AT LAW AND DEMAND FOR JURY TRIAL**

Plaintiff, The Palm Bay Yacht Club Condominium Association, Inc. ("PBYCC"), through undersigned counsel, files this Complaint against Defendant, QBE Insurance Corporation ("QBE"), and states as follows:

**PARTIES**

1. At all times relevant PBYCC is citizen of the State of Florida and a duly organized and licensed Florida not-for-profit corporation in good standing, having its principal place of business in Miami, Florida.

2. PBYCC is the governing body for all the unit owners and for the administration and operation of the condominium property, a 237 unit, 26-story residential condominium development ("the Insured Premises"), which was established by the Declaration for the PBYCC.

3. At all times relevant, QBE is a Pennsylvania corporation and citizen of the State of Pennsylvania, with its principal place of business located at 88 Pine Street, 12th Floor, Wall Street Plaza, New York, New York 10005-1081. QBE is registered to do business in Florida and is

engaged in the business of issuing property and casualty insurance policies within Florida. QBE, while engaging in the business of insurance in the State of Florida, is required to follow and/or comply with all Florida Insurance Code Statutes and regulations promulgated by the legislature and the Florida Department of Financial Services.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## BREACH OF CONTRACT ALLEGATIONS

6.      At all times relevant, including, but not limited to, October 24, 2005, there was in effect a policy of insurance issued by QBE known as Policy No. QF2047-10 with a policy period from June 8, 2005 through June 8, 2006 (the "Policy").  (Attached as Exhibit A is a true and correct copy of the Policy, the terms of which are incorporated herein by reference.)

7.      The Policy was in full force and effect from December 31, 2004 to December 31, 2005.

8.      Under the Policy, QBE agreed to pay PBYCC for direct physical loss and damage to the Insured Premises.

9.      On or about October 24, 2005, while the Policy was in full force and effect, PBYCC suffered direct, physical loss of or damage to the Insured Premises due to rains and wind associated with the passage of Hurricane Wilma.

10. Subsequent to Hurricane Wilma, PBYCC presented a claim to QBE for the Hurricane Wilma windstorm damage to the Insured Premises (hereinafter referred to as the "insurance claim").

11. QBE acknowledged the claim and conducted an investigation.

12. After concluding its investigation of the claim, QBE determined that no payment for PBYCC's windstorm loss would be rendered because PBYCC's losses and damages did not exceed the Policy's deductible of $805,400.00.

13. QBE conducted an insufficient investigation and knew or should have known that the damage amount calculated was substantially less than the total amount of hurricane damage sustained by PBYCC.

14. Prior to the institution of this action, PBYCC has performed and/or otherwise made good faith efforts to satisfy all those things and matters properly required of it under the Policy, including the satisfaction of all stated conditions, or, alternatively, has been excused from performance of the same by the acts, representations and/or conduct of QBE or its duly authorized agents.

15. Pursuant to the Policy, QBE has a contractual obligation to pay the full amount of PBYCC's loss, including the costs to repair, restore and/or replace the damage to its covered properties, less applicable deductibles.

16. QBE breached its Policy by failing to pay PBYCC all benefits due and owing under the Policy.

17. As a direct and proximate result of QBE's breach of the Policy, PBYCC has:

    a. suffered and will continue to suffer significant property damage to the Insured Premises;

    b. incurred and will incur in the future costs to repair, restore and/or replace the significant damage to the Insured Property;

    c.    suffered and will continue to suffer additional loss and damage, including, but not limited to, loss of use of the property, costs and fines incurred and increased due to the inability to repair or replace covered property and investigatory fees;

    d.    suffered and will continue to suffer loss of pre-judgment interest, attorneys' fees, and taxable costs; and

    e.    suffered and will continue to suffer loss of any other expenses incurred as a result of QBE's breach of its contract.

18. PBYCC has been required to retain Childress Duffy Goldblatt, Ltd. as legal counsel in order to obtain its rights and benefits under the Policy, and PBYCC is entitled to an award of its reasonable legal fees pursuant to F.S.A. § 627.428.

WHEREFORE, the Plaintiff, The Palm Bay Yacht Club Condominium Association, Inc., prays this Court to enter Judgment in its favor and against Defendant, QBE Insurance Corporation, for damages, costs, pre-judgment interest, attorneys' fees pursuant to F.S.A. § 627.428, and other damages and costs the Court deems appropriate.

**Plaintiff demands a Trial by Jury on all issues so triable.**

Dated: October 13, 2010.

Respectfully submitted,

By: _____
/s/Christopher N. Mammel (FBN 54051)
CHILDRESS DUFFY GOLDBLATT, LTD
12000 Biscayne Blvd., Ste. 415
Miami, FL 33181
Tel: 305. 895.9050
Fax: 305.895.9589
cmammel@childresslawyers.com

4