UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-CV-23685-LENARD/O'SULLIVAN

THE PALM BAY YACHT CLUB
CONDOMINIUM ASSOCIATION,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND REFERENCES TO OTHER CLAIMS AGAINST QBE, INCLUDING AFFIRMATIVE DEFENSES USED BY QBE IN OTHER LAWSUITS, AND INCORPORATED MEMORANDUM OF LAW

Defendant, QBE INSURANCE CORPORATION ("QBE"), pursuant to the Federal Rules of Civil Procedure and Evidence, files this Motion in Limine to preclude evidence of, or references to, other claims against QBE, including Affirmative Defenses used by QBE in other lawsuits and in support thereof states the following:

1. The instant matter arises out of an alleged breach of an insurance contract for Defendant's alleged failure to pay covered damages caused by Hurricane Wilma.

2. QBE anticipates that Plaintiff will attempt to present evidence of or make references to other claims or lawsuits against QBE for prejudicial effect.

3. In addition, Plaintiff may also seek to elicit testimony concerning any affirmative defenses raised by QBE in other lawsuits, such as compliance with certain post-loss policy obligations and/or certain policy exclusions.

4. Pursuant to Federal Rules of Evidence 401, 402 and 403, and other federal law, such evidence is inadmissible, as it is irrelevant to the instant case and the prejudicial value substantially outweighs any probative value.

5.     Therefore, QBE respectfully requests this Court to preclude evidence of, or references to, other claims against QBE, including Affirmative Defenses asserted by QBE in other lawsuits, together with such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

Although this matter involves Plaintiff's claim for damages as a result of Hurricane Wilma, it is anticipated that Plaintiff will attempt to introduce evidence of other claims and lawsuits against QBE. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Evidence of or references to other claims or lawsuits involving QBE, as well as any affirmative defenses asserted, have no relevance to the instant matter. Even if the evidence at issue in this motion is somehow found relevant, Rule 403 prohibits evidence if "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts have stated that generally, Rule 403 involves balancing, on the one side, the evidence's probative value and, on the other side, the evidence's dangers, including its unfairly prejudicial and misleading nature. *See US Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275 (11th Cir. 2001).

Prior lawsuits constitute evidence of claims unrelated to the instant litigation and present a substantial danger of unfair prejudice. Because the probative value of the prior lawsuits is nonexistent, the risk of unfair prejudice substantially outweighs any such probative value. *See Williams v. Asplundh Tree Expert Co.*, 2006 U.S. Dist. LEXIS 73238 (M.D. Fla. Oct. 6, 2006) (granting motion in limine to preclude evidence of prior lawsuits); *Burley v. Homeowners Warranty Corp.*, 773 F.Supp. 844 (S.D. Miss. 1990) ("Without question, if evidence of other claims were allowed by the court, there would be, in effect, a mini-trial on each such claim.")

In a recent order regarding a similar Motion in Limine, the Honorable Donald L. Graham held that "Plaintiff will not be allowed to reference a specific case by name, caption or case number." *Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2009 U.S. Dist. LEXIS 130752, *19 (S.D. Fla. June 19, 2009); *see also Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 745 F.Supp.2d 1380 (S.D. Fla. Oct. 25, 2010). Similarly, in a recent trial in the matter of *The Atriums of Palm Beach Condominium Ass'n v. QBE Ins. Corp.*,[1] presided over by Honorable Kenneth A. Marra, the following exchange took place:

*   *   *   *

> Q:   What cases – did you do for them?
> A:   I worked on a case called Vantage View.
>     MS. DEMARTINO: Your Honor, objection. We have a motion in limine on this issue on the specific cases and case names.
>     THE COURT:  Sustained as to specific cases.

*   *   *   *

This District has also granted similar motions in limine related to a party's other lawsuits. *See Exime v. E.W. Ventures, Inc.*, 2009 U.S. Dist. LEXIS 61367 (S.D. Fla. 2009); *Ward v. Estaleiro Itajai, S/A*, 2008 U.S. Dist. LEXIS 51333 (S.D. Fla. 2008).

In an order granting a similar motion in limine seeking to prohibit evidence of other claims and defenses where Plaintiffs' counsel were involved, the Court found ". . . there is also a real danger that if the Court were to allow Plaintiff free rein to inquire about prior claims and defenses, Defendant would be forced to retry all of these other claims in an effort to show why the facts in those particular cases supported Defendant's particular positions." *Royal Bahamian Ass'n v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1384 (S.D. Fla. 2010) citing *Burley v. Homeowners Warranty Corp.*, 773 F. Supp. 844, 858 (S.D. Miss. 1990) ("Without question, if evidence of **other claims** were allowed by the court, there would be, in effect, a mini-trial on each such claim. That is wholly unacceptable where the only claims that are material are the claims of the plaintiffs in this litigation. In sum, the admission of such evidence would be unduly time-

---

[1] See Transcript of Trial, dated September 14, 2009, Volume 4 in the matter of: <u>Atriums of Palm Beach Condominium Ass'n, Inc. v. QBE Ins. Corp.</u>, 08-80543-CIV-MARRA at p. 929; ln 19-25 attached hereto as **Exhibit "A."**

consuming, unfairly prejudicial and unnecessarily confusing and will not be permitted"). Thus, if Plaintiff was allowed to argue other claims in this trial Defendant would need to present evidence and testimony in defense of its handling of those claims, which would prejudice Defendant in the defense of this claim and exponentially multiply the length of this trial.

As the case involves claims being made by Plaintiff to its property, evidence and testimony concerning other claims against QBE in unrelated matters will not assist the trier of fact. Conversely, the prejudicial effect is high. Not only will such evidence confuse the issues and/or mislead a jury, but it will sway emotions and unfairly prejudice QBE and create a series of "mini-trials" within the trial. In *Royal Bahamian*, the Court held, "Defendant's motion to preclude evidence or reference to other claims against and affirmative defenses of Defendant is granted except to the extent that each side may question the other side's experts about their prior experience with the party or the party's counsel, as specifically delineated above[2]." *Royal Bahamian*, 745 F. Supp. 2d at 1385. Similarly, the Court in *Ocean View Towers Association, Inc. v. QBE Ins. Corp.*[3] also granted a motion in limine to exclude evidence of other claims or lawsuits and, like the Court in *Royal Bahamian*, the *Ocean View* Court also found that such evidence could only be admitted to the extent necessary to impeach expert witnesses. Specifically, as set forth in the *Ocean View* order:

> …it may be appropriate to allow questioning of experts regarding (a) their prior retention by, and experience with, the insurer; (b) their financial remuneration arrangements with the insurer; and (c) the number of hurricane claims for which they were retained by the insurer.[4]

This Defendant finds that limitation well-reasoned as applied to both sides, and is willing to be bound by same in this matter.

---

[2] "Plaintiff shall be allowed at trial to ask Defendant's experts about (1) the number of prior cases in which he or she was retained as an expert by Defendant, (2) the percentage of his or her income received each year from work for the Defendant, and (3) specifically how many Hurricane Wilma claims for which he or she was retained by Defendant." *Royal Bahamian*, 745 F. Supp. 2d at 1385. (citations omitted).
[3] See Omnibus Order dated January 4, 2012, 11-60447-CIV-SCOLA at p. 2 attached hereto as **Exhibit "B."**
[4] Id.

WHEREFORE, Defendant, QBE INSURANCE CORPORATION, respectfully requests that this Honorable Court grant its Motion in Limine to Preclude Evidence of, or References to, Other Claims Against QBE, including Affirmative Defenses Used by QBE in Other Lawsuits, for the reasons set forth above and grant any such other relief that this Court deems proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant conferred with all parties who may be affected by the relief sought in the motion and PALM BAY'S counsel does not agree to the relief sought herein.

Respectfully submitted,

BERK, MERCHANT & SIMS, PLC

**By: Gilberto J. Barreto**
William S. Berk, Esq.
Florida Bar No.: 349828
wberk@berklawfirm.com
Evelyn M. Merchant, Esq.
Florida Bar No.: 488577
Emerchant@berklawfirm.com
Melissa M. Sims, Esq.
Florida Bar No.: 85936
msims@berklawfirm.com
Gilberto J. Barreto, Esq.
Florida Bar No. 568996
gbarreto@berklawfirm.com
2 Alhambra Plaza, Suite 700
Coral Gables, Florida 33134
Tel.: (786) 338-2900
Fax: (786) 338-2888
**Co-Counsel for QBE Ins. Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Christopher N. Mammel, Esq.
cmammel@childresslawyers.com
Erwin A. Acle, Esq.
eacle@childresslawyers.com
Christina M. Phillips, Esq.
cphillips@childresslawyers.com
**CHILDRESS DUFFY GOLDBLATT, LTD.**
12000 Biscayne Blvd., Ste. 415
Miami, Florida 33181
Tel:    305.895.9050
Fax:    305.895.9589
*Counsel for Plaintiff (PHV)*
Victor J. Jacobellis, Esq.
vjacobellis@childresslawyers.com
**CHILDRESS DUFFY GOLDBLATT, LTD.**
500 North Dearborn Street
Suite 1200
Chicago, IL  60654
Tel:    312.494.0200
*Counsel for Plaintiff*

C. Deborah Bain, Esq.
dbainlaw@aol.com
**C. DEBORAH BAIN, P.A.**
840 U.S. Highway One
Suite 305 - The Summit Bldg.
N. Palm Beach, FL  33408
Tel.:   561-630-1917
Fax:    561-630-1918
*Co-Counsel for QBE Ins. Corporation*

William Fink, Esq.
Wicker, Smith, O'Hara, McCoy & Ford, P.A.,

2800 Ponce De Leon Blvd., Suite #800
Coral Gables, FL  33134
Tel: 305-461-8786 / Fax: 305-441-1745

Damian Daley, Esq.
Wicker, Smith, O'Hara, McCoy & Ford, P.A.,
2800 Ponce De Leon Blvd., Suite #800
Coral Gables, FL  33134
Tel: 305-461-8786 / Fax: 305-441-1745

                                             **/s/ Gilberto J. Barreto**
                                             Gilberto J. Barreto