UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:10-cv-23685-JAL

THE PALM BAY YACHT CLUB
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCES TO OTHER CLAIMS AGAINST QBE, INCLUDING AFFIRMATIVE DEFENSES USED BY QBE IN OTHER LAWSUITS (DE 92)**

The Defendant, QBE INSURANCE CORPORATION, hereby serves its Reply to Plaintiff's Response In Opposition to Defendant's Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE, Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92), and states as follows:

**I.  THE PARTIES HAVE AGREED TO NARROW THE AREAS OF INQUIRY RELATED TO EXPERT'S INCOME.**

As an initial matter, QBE has no objection to Plaintiff questioning QBE's experts on their prior experience with QBE and QBE's legal counsel to the extent the parties agreement as stated in the recent court filings (DE 91, 100, and 105). This should resolve on of the issues raised by Plaintiff in its Response. (DE 101 at 3.)

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

*CASE NO.: 1:10-cv-23685-JAL*

**II. ISSUES AS TO OTHER CLAIMS AS SET FORTH BY PLAINTIFF ARE NOT RELEVANT AND NOT ADMISSIBLE EVIDENCE IN A FIRST PARTY BREACH OF CONTRACT ACTION.**

Defendant is somewhat perplexed by Plaintiff's opposition to this Motion. Counsels representing the parties have litigated similar motions in the past and, when granted in favor of QBE, counsel for Plaintiff here never appealed the decision even when other aspects of one of those other matters were appealed. *See* Royal Bahamian Ass'n v. QBE Ins. Corp., 745 F. Supp. 2d 1380 (S.D. Fla. 2010); *See also* Bay Park Towers Condo. Ass'n, Inc. v. QBE Ins. Corp., Case No. 1:11-cv-20944-FAM (S.D. Fla. Jan. 9, 2012)[1].

Essentially, Plaintiff's counsel is attempting to improperly inject issues of bad faith and claims handling under Florida Statute 624.155. Plaintiff's invitation to do so should be rejected. In support of its efforts to introduce evidence or elicit testimony as to other claims and affirmative defenses, Plaintiff includes the following statements in its response:

- ". . . there exist a common denominator between Palm Bay's claim and other QBE claims, the same agents and employees. . ."

- "Using the exact same agents and employees, QBE has denied other claims and has alleged that the insureds in other cases also failed to fulfill various post-loss duties."

- QBE has created a modus operandi to the handling of hurricane claims: whenever an insured submits a claim in excess of what QBE determined, QBE simply alleges the insured has failed to navigate through the torturous path of complying with QBE's interpretation of the Policy's post-loss duties.

- QBE historic methodology for handling claims in other cases is highly probative and directly relevant to whether any failure to comply with post-loss conditions or obligations prevented it from conducting a thorough investigation of Palm Bay's claim.

---

[1] Defendant attaches a copy of the Bay Park Towers Order as **Exhibit "1"** for the Court's convenience since same was not published as of the date of this Reply.

2

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

*CASE NO.: 1:10-cv-23685-JAL*

DE (101 at 1-2).

None of these statements indicate any indicia of evidence or testimony that is relevant or admissible in a first party breach of contract case. "The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." J.J. Gumberg Co. v. Janis Services, Inc., 847 So.2d 1048, 1049 (Fla. 4th DCA 2003). None of the statements made by Plaintiff have any relevance to prove any element of its claim for breach of contract against QBE here and would only be relevant and admissible to a claim for "bad faith".

Florida's "bad faith" statute, Section 624.155 of the Florida statutes, allows an insured to bring a civil action against its insurer if it violates certain provisions of Chapters 626 and 627, or if the insurer is "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." Fla. Stat. § 624.155. Plaintiff, in its Response, not only argues it must show how QBE allegedly acted improperly in this claim, but argues it should have the right to show a general practice of QBE's alleged improper claim handling to defend against QBE's affirmative defenses. Plaintiff seeks to explore QBE's "historic methodology for handling claims in other cases" to examine how QBE handled this case. [See D.E. 101 at 1-2]. Plaintiff states that it believes QBE's general claims practices should be litigated at trial so Plaintiff can respond QBE's defenses. Plaintiff's arguments are misplaced.

Florida courts have universally applied the rule that potential issues of bad faith or other purported improprieties in defending a claim are wholly impermissible unless and until issues of coverage and the amount of damages are determined. Granada Ins. Co. v. Ricks,

3

Case 1:10-cv-23685-JAL   Document 106   Entered on FLSD Docket 04/10/2012   Page 4 of 10

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

CASE NO.: 1:10-cv-23685-JAL

12 So. 3d 276, 277 (Fla. Dist. Ct. App. 2009) ("… potential issues of bad faith or other purported improprieties in defending the claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage."); Old Republic National Title Insurance Company v. Homeamerican Credit, Inc., 844 So.2d 818, 819 (Fla. Dist. Ct. App. 2003) (insured not entitled to discovery of documents relating to insurer's litigation files the insurer's business policies or practices regarding the handling of claims until the insurer's obligation to provide coverage has been established).  The reason for this is clear, under Florida law, "documents and testimony regarding the insurer's claims handling or general business practices are irrelevant to the issue of whether the insured is entitled to the coverage claimed and may only be relevant to a claim of bad faith."  Kennedy v. Provident Life & Accident Ins. Co., 2009 U.S. Dist. LEXIS 93387, 4-5 (S.D. Fla. Sept. 18, 2009).

At its essence, however, QBE objects to the introduction of this area of testimony and evidence because evidence of an insurance company's claims handling and general business procedures are irrelevant to the determination of coverage and damages and only relevant to a claim of bad faith.  Royal Bahamian, 745 F. Supp. 2d at 1381; see also Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691 (S.D. Fla. 2007) ("Prior to the determination of coverage, standard operating procedures are irrelevant").

In addition, Defendant's affirmative defenses in *other* litigation does nothing to prove whether or not they apply to Plaintiff's actions in *this* litigation.  For example, as to QBE's defense of Plaintiff's failure to comply with post loss conditions, the subject policy contains the provision for post loss conditions.  To support this defense QBE will use Plaintiff's own actions to show that QBE was unable to avail itself of its rights to invoke the post loss

4

Case 1:10-cv-23685-JAL   Document 106   Entered on FLSD Docket 04/10/2012   Page 5 of 10

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

CASE NO.: 1:10-cv-23685-JAL

conditions of the policy because Plaintiff filed *this* lawsuit on October 13 2010, almost two (2) full years after QBE specifically asked *this* Plaintiff via letter of October 2008, whether *it* wanted to revive *its* claim. (DE 60 at 2-13). QBE contends that Plaintiff's failing to response to QBE's two letters, April 2008 and October 2008, inquiring whether Plaintiff intended on pursuing/reviving its claim was the breach of the post loss conditions of the policy. (DE 60 at 2-13). This issue turns on the facts of this case, and there is absolutely no nexus whatsoever between actions taken by QBE or its representatives in any other cases. Thus, evidence and/or testimony as to other claims is not relevant and not admissible under Fed. R. Evid. 401 or 402.

With regard to Plaintiff's attempt to show QBE's alleged "*modus operandi*" of improper claim handling, the Southern District has already rejected that argument when Plaintiff's counsel raised a similar argument in another matter on a similar motion in limine. Royal Bahamian Ass'n v. QBE Ins. Corp., 745 F. Supp. 2d 1380, 1384 (S.D. Fla. 2010)[2] ("Plaintiff's attempt to avoid the above analysis by specifically branding this evidence as being of Defendant's modus operandi [i.e. Defendants' purported use of fraud and misrepresentation as an affirmative defense when the submitted claim for damages is greater than the insurance company's own estimate] is strategically understandable but legally unpersuasive."). Magistrate Judge Brown, in the Bay Park Towers matter cited above, also addressed this argument, as follows:

> Viewed in a light most favorable to the plaintiff, the evidence at issue may be relevant – in a subsequent bad faith case, if applicable. This is a breach of

---

[2] Defendant notes the Royal Bahamian case was also before Judge Moreno, although the motions in limine were referred to Magistrate Judge Goodman.

5

Case 1:10-cv-23685-JAL   Document 106   Entered on FLSD Docket 04/10/2012   Page 6 of 10

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

CASE NO.: 1:10-cv-23685-JAL

contract case and defendant's "modus operandi" in this and other cases does [*sic*] is not relevant to whether the contract was breached or not.

Bay Park Towers Condo. Ass'n, Inc. v. QBE Ins. Corp., Case No. 1:11-cv-20944-FAM, p. 1 (S.D. Fla. Jan. 9, 2012) – previously attached as Exhibit "1".

Furthermore, even assuming evidence from other cases was relevant, there is substantial risk of confusion of the issues, misleading the jury, and the risk of unfair prejudice substantially outweighs any scintilla of probative value. If Plaintiff is allowed to improperly inject issue from other cases and lawsuits, QBE will be faced with having to re-litigate or re-adjust each and every other claim to defend itself against Plaintiff's baseless accusations, which are merely calculated to prejudice the jury against QBE and its representatives. This is a clear violation of Fed. R. Evid. 403, and should be rejected.

Florida law is clear, that issues of general business practice are litigated in a bad faith case and includes the issues raised by Plaintiff as to "modus operandi to the handling of hurricane claims", "denial of other claims", and "methodology for handling claims". Nevertheless, Plaintiff is seeking to circumvent Florida law by injecting issues of bad faith and claims handling via reference to other claims. This is not permissible under the law and should be rejected. Royal Bahamian Ass'n, 745 F. Supp. 2d at 1384-1385 ("In a different vein, there is also a real danger that if the Court were to allow Plaintiff free rein to inquire about prior claims and defenses, Defendant would be forced to retry all of these other claims in an effort to show why the facts in those particular cases supported Defendant's particular positions." If this outcome were to occur (which it wouldn't, because this Court cannot imagine the trial including a series of mini-trials on other unrelated cases to determine the viability of the affirmative defenses raised there), then any probative value for Plaintiff would

Case 1:10-cv-23685-JAL   Document 106   Entered on FLSD Docket 04/10/2012   Page 7 of 10

The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Reply to Plaintiff's Response In Opposition to Defendant's
Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,
Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)

CASE NO.:  1:10-cv-23685-JAL

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

CASE NO.:  1:10-cv-23685-JAL

inevitably be substantially outweighed by the prejudice Defendant would face.") *citing* Burley v. Homeowners Warranty Corp., 773 F. Supp. 844, 858 (S.D. Miss. 1990) ("Without question, if evidence of other claims were allowed by the court, there would be, in effect, a mini-trial on each such claim. That is wholly unacceptable where the only claims that are material are the claims of the plaintiffs in this litigation. In sum, the admission of such evidence would be unduly time-consuming, unfairly prejudicial and unnecessarily confusing and will not be permitted").

The reason for the preclusion of Defendant's actions in other claims is clear under Florida law, which holds an insurer "would be irreparably harmed by having to litigate the bad faith claim with the coverage claim because the evidence used to prove the bad faith claim would prejudice the jury's views on the coverage issue." General Star Indem. Co. v. Anheuser-Busch Cos., 741 So. 2d 1259, 1261 (Fla. Dist. Ct. App. 1999).  Put another way, QBE "would be prejudiced by having to defend its claim practices, procedures and general business practices when the sole issue is whether Plaintiff can meet his burden of proof of establishing that he is totally disabled under the Policy. Kennedy, 2009 U.S. Dist. LEXIS 93387 *5 (S.D. Fla. Sept. 18, 2009); Md. Cas. Co. v. Alicia Diagnostic, Inc., 961 So. 2d 1091, 1092 (Fla. Dist. Ct. App. 2007) ("…evidence used to prove either bad faith or unfair settlement practices could jaundice the jury's view on the coverage issue.")

Actions taken by QBE and other insureds at other properties with different damages and different circumstances can in no way be relevant to show how Plaintiff's failures to comply with post-loss conditions did or did not prejudice QBE.  QBE has adjusted thousands of claims involving different types of properties, which include different causes of loss;

7

Case 1:10-cv-23685-JAL   Document 106   Entered on FLSD Docket 04/10/2012   Page 8 of 10

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

CASE NO.:  1:10-cv-23685-JAL

different types of damages claimed; and differing amounts of damage.  Should the jury hear references to the adjustment of other claims, QBE would necessarily need to present evidence and testimony as to the circumstances of those claims to defend against Plaintiff's attempted line of attack and ensure the jury receives a complete picture.  Plaintiff is inviting the Court, in essence, to litigate every claim in which QBE raised a similar affirmative defense.  QBE will not only have to defend its actions in this claim, but now every claim which Plaintiff chooses to introduce into trial in this matter.

**WHEREFORE**, QBE Insurance Corporation, respectfully requests this Court enter an Order granting its motion in limine to exclude evidence of and references to other claims.

Respectfully submitted,

**BERK, MERCHANT & SIMS, PLC**

**By: /s/Gilberto J. Barreto**
William S. Berk, Esq.
Florida Bar No.: 349828
wberk@berklawfirm.com
Evelyn M. Merchant, Esq.
Florida Bar No.: 488577
Emerchant@berklawfirm.com
Melissa M. Sims, Esq.
Florida Bar No.: 85936
msims@berklawfirm.com
Gilberto J. Barreto, Esq.
Florida Bar No. 568996
gbarreto@berklawfirm.com
2 Alhambra Plaza, Suite 700
Coral Gables, Florida 33134
Tel.: (786) 338-2900
Fax: (786) 338-2888
**Co-Counsel for QBE Ins. Corporation**

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

*CASE NO.: 1:10-cv-23685-JAL*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Christopher N. Mammel, Esq.
cmammel@childresslawyers.com
Erwin A. Acle, Esq.
eacle@childresslawyers.com
Christina M. Phillips, Esq.
cphillips@childresslawyers.com
**CHILDRESS DUFFY GOLDBLATT, LTD.**
12000 Biscayne Blvd., Ste. 415
Miami, Florida 33181
Tel:    305.895.9050
Fax:   305.895.9589
***Counsel for Plaintiff (PHV)***

Victor J. Jacobellis, Esq.
vjacobellis@childresslawyers.com
**CHILDRESS DUFFY GOLDBLATT, LTD.**
500 North Dearborn Street
Suite 1200
Chicago, IL  60654
Tel:    312.494.0200
***Counsel for Plaintiff***

C. Deborah Bain, Esq.
dbainlaw@aol.com
**C. DEBORAH BAIN, P.A.**
840 U.S. Highway One
Suite 305 - The Summit Bldg.
N. Palm Beach, FL  33408
Tel.:   561-630-1917
Fax:   561-630-1918
***Co-Counsel for QBE Ins. Corporation***

William Fink, Esq.

9

*The Palm Bay Yacht Club Condo Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Reply to Plaintiff's Response In Opposition to Defendant's*
*Motion in Limine to Exclude Evidence of or References to Other Claims Against QBE,*
*Including Affirmative Defenses Used by QBE in Other Lawsuits (DE 92)*

CASE NO.: 1:10-cv-23685-JAL

**Wicker, Smith, O'Hara, McCoy & Ford, P.A.,**
2800 Ponce De Leon Blvd., Suite #800
Coral Gables, FL  33134
Tel: 305-461-8786 / Fax: 305-441-1745
Damian Daley, Esq.
Wicker, Smith, O'Hara, McCoy & Ford, P.A.,
2800 Ponce De Leon Blvd., Suite #800
Coral Gables, FL  33134
Tel: 305-461-8786 / Fax: 305-441-1745

/S/ GILBERTO J. BARRETO
Gilberto J. Barreto