UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-23685-CIV-LENARD/O'SULLIVAN

THE PALM BAY YACHT CLUB
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

QBE INSURANCE CORPORATION,

Defendant.
_____________________________/

**ORDER**

THIS MATTER came before the Court on the Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58, 1/19/12). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58, 1/19/12) is **DENIED**.

**BACKGROUND**

The defendant filed the instant motion on January 19, 2012. See Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58, 1/19/12). The plaintiff filed a response on February 2, 2012. See Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion in Limine Regarding Paul Norcia (DE# 68, 2/2/12). The defendant filed a reply on

February 13, 2012. See Defendant's Reply to Plaintiff's Response [D.E. 68] in Opposition to Defendant's Motion in Limine Regarding Paul Norcia [D.E. 58] (DE# 78, 2/13/12). This matter is ripe for consideration.

**STANDARD OF REVIEW**

District courts have broad discretion in deciding to admit or exclude expert testimony. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997). "Federal Rule of Evidence 702, as explained by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc.[, 509 U.S. 579 (1993)] and its progeny, controls determinations regarding the admissibility of expert testimony." City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (footnote and citation omitted). Under Daubert, and Rule 702, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993); and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). To determine the admissibility of expert testimony under Rule 702, the Court must undertake the following three-part inquiry:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted). "The burden of establishing qualification, reliability, and helpfulness rests on

the proponent of the expert opinion, whether the proponent is the plaintiff or defendant in a civil suit, or the government or the accused in a criminal case." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc).

To the extent the defendant requests a Daubert hearing,[1] the undersigned finds that such a hearing is unnecessary in ruling on the instant motion. "In some cases, an evidentiary hearing is unnecessary because the parties' reciprocal submissions are sufficient to enable the court to resolve the reliability issue without taking live testimony." Frazier, 387 F.3d at 1274 at n.4 (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137,152 (1999); see also Cook v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1113 (11th Cir. 2005) (noting that the trial court was under no obligation to hold a Daubert hearing). Accordingly, the defendant's request for a Daubert hearing is **DENIED**.

## ANALYSIS

The defendant seeks to exclude the plaintiff's expert, Paul Norcia, from testifying "regarding causation and whether a component [of the building] should be repaired or replaced." See Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58 at 2-3, 1/19/12). The defendant argues that "Mr. Norcia is not qualified to testify competently regarding the matters he intends to

[1] The defendant requested a Daubert hearing in its initial motion. The defendant receded from this request in its reply brief. See Defendant's Reply to Plaintiff's Response [D.E. 68] in Opposition to Defendant's Motion in Limine Regarding Paul Norcia [D.E. 58] (DE# 78 at 6, 2/13/12).

address nor is the methodology by which he reaches his conclusions sufficiently reliable under Daubert." Id. at 3 (footnote omitted). The plaintiff argues that:

> Mr. Norcia is qualified to offer expert opinion testimony about property insurance loss valuation, based upon the knowledge, skill, training, and education he has acquired over the past 26-plus years in the property insurance industry. The methodology he followed to reach his opinions and conclusions is sufficiently reliable, and is corroborated by insurance estimators, appraisers and adjusters who work for QBE. Moreover, his specialized knowledge will assist the trier of fact in understanding the evidence and in determining . . . the replacement cost value and the actual cash value of the Palm Bay Hurricane Wilma loss.

See Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion in Limine Regarding Paul Norcia (DE# 68 at 4, 2/2/12).

"[The defendant] does not challenge Mr. Norcia's designation as a cost expert." Defendant's Reply to Plaintiff's Response [D.E. 68] in Opposition to Defendant's Motion in Limine Regarding Paul Norcia [D.E. 58] (DE# 78 at 1, 2/13/12). Instead, the defendant challenges Mr. Norcia's qualifications and the methodology he employed in determining that some of the building's components were damaged by Hurricane Wilma and that those components should be replaced instead of repaired. Id. According to the defendants, "Mr. Norcia's qualifications only allow him to testify as to the cost of repairing damaged components, once the damages have already been determined by another expert who is qualified to make that determination . . . ." Id. at 2.

**1.     Opinions Concerning the Repair or Replacement of a Building Component**

Mr. Norcia may testify as an expert concerning whether a building component should be repaired or replaced. The undersigned finds that, with respect to the repair or replacement of building components, Mr. Norcia satisfies all three requirements of Daubert and Rule 702: qualification, reliability and assistance to the trier of fact.

**a. Qualification**

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d at 563. Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. "Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" Clena Inv., Inc. v. XL Specialty Ins. Co., No. 10-62028, 2012 WL 266422, at *6 (S.D. Fla. Jan. 30, 2012) (quoting Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002)). "This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Id. (citing Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co., 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (citations omitted) (internal quotation marks omitted; alteration in original).

Here, the defendant argues that Mr. Norcia is unqualified to render an opinion that a building component[2] should be replaced instead of repaired because: (1) he "admittedly does not have personal experience or qualifications in window repair, design or installation;" (2) he is not a licensed roofer and "did not take any notes

---

[2] The damaged building components at issue in the instant case are windows, glass sliding doors, the heat, vent and air conditioning unit and the roof. See Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58 at 2, 1/19/12).

regarding the damages he observed to the roof and did not conduct a core sample to support his opinions," (3) he is not an air condition[ing] expert and "[he does not] know a lot about cooling towers" and (4) he is not a general contractor and "has little to no personal experience with roofs and windows." Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58 at 5, 7, 1/19/12) (alterations in original).

The undersigned finds that Mr. Norcia is qualified as an expert to opine on whether a building component should be repaired or replaced based on his background, training and experience in evaluating property insurance losses. For over 26 years, Mr. Norcia has worked in the property insurance business as an independent insurance adjuster, a public insurance adjuster, a property valuation estimator and a property valuation appraiser. "Mr. Norcia has adjusted, supervised, and/or managed over 15,000 insurance losses during his career, including working large hurricane claims." Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion in Limine Regarding Paul Norcia (DE# 68 at 6, 2/2/12). Determining whether the damaged property should be repaired or replaced is subsumed in the process of adjusting a claim. Mr. Norcia's opinions on the repair and replacement of building components are based on his experience in the insurance industry. The fact that Mr. Norcia is unlicensed[3] in the State of the Florida and has little to no personal experience in replacing roofs, doors, windows or air conditioning units, to the extent this

---

[3] See Defendant's Reply to Plaintiff's Response [D.E. 68] in Opposition to Defendant's Motion in Limine Regarding Paul Norcia [D.E. 58] (DE# 78 at 5, 2/13/12).

is relevant, go to the weight the jury should assign to his testimony not his qualifications as an expert.

**b. Reliability**

The second admissibility requirement is reliability. Daubert, 509 U.S. at 589. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n. 7 (11th Cir. 2005). To evaluate the reliability of scientific expert opinion, courts consider, to the extent practicable: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique and (4) whether the technique is generally accepted in the scientific community. These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion. Frazier, 387 F.3d at 1261-62.

Here the defendant argues that Mr. Norcia's methodology is unreliable because he "did not engage in the type of 'intellectual rigor' that characterizes the practice of an expert in the relevant field." Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58 at 8, 1/19/12). The undersigned is unpersuaded by this argument. As the plaintiff points out, the methodology employed by Mr. Norcia in determining whether a building component required repair or replacement "is exactly the same process by which QBE's own adjusters evaluate a property damage loss." Plaintiff's Response and Incorporated Memorandum of Law in

Opposition to Defendant's Motion in Limine Regarding Paul Norcia (DE# 68 at 9, 2/2/12).[4] The alleged deficiencies in Mr. Norcia's opinions are not grounds for excluding him as an expert on whether a component of the subject building should be repaired or replaced. "[T]he weaknesses in the underpinnings of the expert's opinion go to its weight rather than its admissibility." Vision I Homeowners Ass'n v. Aspen Specialty, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quoting Jones v. Otis Elevator Co., 861 F. 2d 655, 662 (11th Cir. 1988). The defendant is free to point out the perceived flaws in the methodology employed by Mr. Norcia on cross-examination.

**c. Assistance to the Trier of Fact**

The third requirement for admissibility is that the expert testimony must assist the trier of fact. "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person . . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63. Mr. Norcia's testimony concerning the necessity of repairing or replacing building components is outside the common knowledge of the average juror. As a result, expert testimony in this area would assist the jury in deciding factual issues at trial. FED. R. EVID. 702.

---

[4] In responding to this argument, the defendant states that its insurance adjusters are licensed insurance adjusters in Florida whereas Mr. Norcia is not. See Defendant's Reply to Plaintiff's Response [D.E. 68] in Opposition to Defendant's Motion in Limine Regarding Paul Norcia [D.E. 58] (DE# 78 at 2, 2/13/12). The defendant also argues that "QBE has proffered engineers and contractors, all of whom possess more expert education and training than Mr. Norcia, to opine as to causation of damages and necessary repair." Id. The defendant does not directly deny the plaintiff's contention that Mr. Norcia employed the same methodology as the defendant's own insurance adjusters.

**2.     Opinions Concerning Causation**

The undersigned also concludes that Mr. Norcia is qualified to opine that the damage to the structural components of the building was caused by Hurricane Wilma. The plaintiff states that "Mr. Norcia's vast experience in insurance matters has qualified him to offer expert opinion testimony about property insurance loss valuation, **which includes . . . whether observed damage was caused by a wind event like a hurricane**." Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion in Limine Regarding Paul Norcia (DE# 68 at 8, 2/2/12) (emphasis added). The undersigned agrees. Part of adjusting a claim is determining the cause of the damage. As noted above, Mr. Norcia has considerable experience "adjust[ing], supervis[ing], and/or manag[ing] over 15,000 insurance losses during his career, including working large hurricane claims." Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion in Limine Regarding Paul Norcia (DE# 68 at 6, 2/2/12). The methodology employed by Mr. Norcia in determining causation is the same methodology used by QBE's own adjusters. See Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion in Limine Regarding Paul Norcia (DE# 68 at 9, 2/2/12). The cause of damage to a building component is also outside the common knowledge of the average juror and as such, Mr. Norcia's testimony would assist the trier of fact. Accordingly, Mr. Norcia may opine at trial that the damage to the building components was caused by Hurricane Wilma.

## **CONCLUSION**

For these reasons, the Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Expert Witne[s]s Paul Norcia, or in the Alternative, Motion for Daubert Hearing and Incorporated Memorandum of Law (DE# 58, 1/19/12) is **DENIED**. Mr. Norcia may testify as an expert at trial concerning the necessity of repairing or replacing the building components and may opine that the cause of the damage to these components was Hurricane Wilma.

DONE AND ORDERED, in Chambers, at Miami, Florida this **18th** day of April, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record